IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA *ex rel.*,
JAY FOLSE,

    *Plaintiffs*,

v.                                          Civil Action No. 3:19cv09

HALLMARK YOUTHCARE—RICHMOND,
INC.,

    *Defendant*.

## MEMORANDUM ORDER

This matter comes before the Court on the United States's Amended Motion to Dismiss without (the "Motion to Dismiss"). (ECF No. 16.) The United States avers that the Court must dismiss this action because it declined to intervene on behalf of Jay Folse and he may not proceed in this *qui tam* action without counsel. (Mot. Dismiss 1, ECF No. 16.) Folse did not respond to the Motion to Dismiss and the time to do so has expired.[1] For the reasons articulated below, the Court will grant the uncontested Motion to Dismiss.

In a *qui tam* action,[2] a private individual, called a relator, may file a civil suit on behalf of the federal government. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233

---

[1] On December 2, 2019—the same day the United States filed its Motion to Dismiss—the United States provided to Folse a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (ECF No. 15.) The Roseboro Notice informed Folse that he had twenty-one (21) days to respond to the Motion to Dismiss, and that failure to respond could result in dismissal of his case.

[2] "'Qui tam' is shorthand in current legal usage for the Latin phrase qui tam pro domino rege quam pro se ipso in hac parte sequitur, which means who pursues this action on our Lord the King's behalf as well as his own." *U.S. ex rel. Beauchamp v. Academi Training Ctr.*, 816 F.3d 37, 39 n.1 (4th Cir. 2016) (internal quotation marks and citation omitted).

(11th Cir. 2008) (per curiam). The right to file a *qui tam* claim is statutory. *Id.* The False Claims Act, 31 U.S.C. §§ 3729–33, is the *qui tam* statute at issue in this case. (ECF No. 1.)

The False Claims Act imposes civil liability upon "any person" who, *inter alia*, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit brought under the False Claim Act may be commenced by either the federal government or by a private person, the aforementioned "relator," who sues on behalf of the United States. 31 U.S.C. § 3730(a), (b)(1).

While in a *qui tam* False Claims Act suit the relator has the "right to conduct the action," 31 U.S.C. § 3730(c)(3), and receive a share of the recovery if succesful, 31 U.S.C. § 3730(d), the United States remains "the real party in interest" regardless of whether it intervenes. *See, e.g.*, *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("While relators indisputably have a stake in the outcome of False Claims Act qui tam cases that they initiate, the Government remains the real party in interest in any such action."); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (accord). Because the United States remains the real party in interest, the United States Court of Appeals for the Fourth Circuit has explained that the "need for adequate legal representation on behalf of the United States counsels against permitting *pro se* suits." *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007). Therefore, "[a] lay person may not pursue a qui tam action under the False Claims Act." *Id.* (citing *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775–76 (7th Cir. 2004)).

Here, the United States declined to intervene on behalf of Folse, (ECF No. 9), and the record indicates that Folse has neither obtained counsel nor otherwise responded to the Motion to Dismiss. Because Folse represents the United States in this *qui tam* False Claims Act action, this Court must conclude that he is not qualified to represent the interests of the United States. Simply put, Folse may not proceed as a *pro se* litigant in this type of case. Accordingly, the Court GRANTS the Motion to Dismiss, (ECF No. 16), and DISMISSES this action WITHOUT PREJUDICE.

Should Folse desire to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Fed. R. App. P. 4(a)(1)(A). Failure to file an appeal within that period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Order to all counsel of record and to Folse at his address of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: December 31, 2019
Richmond, Virginia